UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**VERSACE ALAN SCOTT**                                                                                    **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:24-CV-P24-JHM**

**CODY FOX** *et al.*                                                                                      **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

**I.**

Plaintiff Versace Alan Scott brings this action against Cody Fox, a Logan County Sheriff's Department detective, and the Logan County Sheriff's Department.

Plaintiff makes the following allegations in the complaint:

I am sueing Cody Fox for high jacking my brain with a machine called ibrain which acess my whole brain and downloads my total memory and feelings and 90,000 thoughts a day which is a total of 44 years of thoughts and is a federal invasion of privacy . . . . 1) unlawful survelance[;] 2) unlawful survelance of a minor[;] 3) invasion of privacy 90,000 accounts a day[;] 4) mental abuse[;] 5) emotional rape[;] 6) emotional gang rape[;] and 7) voyersim.

As relief, Plaintiff seeks damages.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 608.  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

"Numerous cases have rejected as delusional or fantastic claims by prisoners that transmitters, microchips, tracking devices, or other devices have been implanted inside of a prisoner's body or brain to monitor or control his thoughts or activities."  *Henry v. Pozios*, No. 2:23-CV-10788, 2023 U.S. Dist. LEXIS 76345, at *8-9 (E.D. Mich. May 2, 2023) (citing, among others, *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (district court did not abuse its discretion when it held that state inmate's claims related to tracking device that prison officials had allegedly implanted in his body to track his movements and thoughts were frivolous, where there was no evidence to support inmate's theory that numerous state officials monitored his thoughts and sent him inaudible, profane messages); *Abascal v. Jarkos*, 357 F. App'x 388, 390 (2d Cir. 2009) (dismissing as fantastic or delusional claim that prison doctors and officials were deliberately indifferent in using equipment to control plaintiff's thoughts and behavior and remotely inflict pain)).

3

This Court likewise concludes that this action must be dismissed as frivolous because Plaintiff's claim that a local law enforcement official implanted a device in his head to track his thoughts is fantastic or delusional.

### III.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: February 7, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010